IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN L. McCONVILLE,

    Plaintiff,

    v.                               CASE NO. 17-3143-SAC

NICOLE ENGLISH,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is a federal prisoner housed at USP Leavenworth in Leavenworth, Kansas ("USPL"). Plaintiff filed a Complaint (Doc. 5), alleging the following. On April 30, 2014, Plaintiff was placed in solitary confinement pending an investigation into an assault that resulted in the death of another inmate. Plaintiff has been held in solitary confinement for over three years pursuant to a Bureau of Prisons ("BOP") policy allowing such confinement during an investigation. Although two other inmates were formally indicted (*see* Doc. 1, at 7), Plaintiff has not received an incident report or been charged with a crime as a result of the investigation. During his time in solitary confinement, Plaintiff continues to be denied reasonable access to the law library and access to the courts. Plaintiff has repeatedly sought release into general population or to be transferred. Defendant has ignored those requests. Plaintiff alleges there is no effective administrative remedy to resolve the matter because Defendant's actions are pursuant to a BOP policy. Plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment, and denial of access to the courts in violation

of the First Amendment. Plaintiff's request for relief seeks his release to general population at USPL or transfer to another institution where he will be allowed to live in general population.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

The Court finds that proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of USPL. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

## II. Motion to Appoint Counsel

Plaintiff filed a motion for appointment of counsel (Doc. 3), alleging that he is in solitary confinement with limited access to the law library and a copy machine.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have

assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for appointment of counsel (Doc. 3) is **denied without prejudice**.

**IT IS FURTHER ORDERED THAT:**

(1) The clerk of court shall effectuate service of summonses pursuant to Fed. R. Civ. P. 4(i), at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this Order, and the answer shall be filed within thirty (30) days following the receipt of that report by counsel for Defendant.

(2) Officials responsible for the operation of the United States Penitentiary, Leavenworth, Kansas, are directed to undertake a review of the subject matter of the Complaint:

    (a) to ascertain the facts and circumstances;

    (b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint;

(c) to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying Plaintiff's claims shall also be included.

(4) Authorization is granted to the appropriate officials of USPL or their attorneys to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report requested herein has been prepared and filed.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report required herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

Copies of this Order shall be transmitted to Plaintiff, to Defendant, and to the United States Attorney.

**IT IS SO ORDERED**.

**Dated on this 1st day of November, 2017, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**