# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JONATHAN L. MCCONVILLE,

    *Plaintiff,*

vs.

NICOLE ENGLISH,

    *Defendant.*

Case No. 17-3143-EFM-TJJ

## MEMORANDUM AND ORDER

Plaintiff Jonathan McConville was an inmate at the U.S. Penitentiary in Leavenworth, Kansas ("USP Leavenworth").[1] He filed this action while he was incarcerated on August 21, 2017, as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against Defendant Nicole English, the Warden of USP Leavenworth.[2] McConville was released from Bureau of Prison ("BOP") custody on April 12, 2018.

---

[1] McConville was convicted of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(1) in the Western District of Missouri. He was sentenced to 72 months' incarceration followed by three years of supervised release. McConville completed his term of imprisonment on April 12, 2018, and is currently on supervised release.

[2] After the Court notified McConville that his Complaint was deficient, McConville re-submitted his Complaint on September 11, 2017.

In his Complaint, McConville claimed a denial of access to the courts in violation of the First Amendment and cruel and unusual punishment pursuant to the Eighth Amendment. According to McConville, Warden English was, at the time, wrongfully holding him in solitary confinement, and had been doing so for more than three years. McConville requested that Warden English be ordered to provide an explanation as to why he is being held in solitary confinement. And, if it was determined not to be warranted, he requested an order for him to be released to USP Leavenworth's general population. In an attached affidavit, McConville alternatively requested a transfer to another institution. He has not requested any monetary damages.

Warden English now moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction because. Warden English argues that because McConville has been released from the custody of the BOP, his claims are now moot. McConville did not file a response.

Rule 12(b)(1) provides that a court may dismiss a complaint based on lack of subject-matter jurisdiction. Mootness is a threshold inquiry "because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts."[3] To maintain the case or controversy requirement, the parties must have a personal stake in the action and its outcome.[4] "A litigant lacks a personal stake if the injury is healed by an event or only prospective relief is

---

[3] *United States v. Fisher*, 805 F.3d 982, 989 (10th Cir. 2015) (quotation omitted).

[4] *Id.*

sought."[5] The Court must ask: "have circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief?"[6] "If this has occurred, the case is moot."[7]

Applying these legal standards, the Court determines that McConville's claims for injunctive relief are moot. The only relief sought by McConville was release from solitary confinement and placement in the general population at USP Leavenworth or any other BOP facility. But McConville was released from custody of the BOP on April 12, 2018. Thus, a favorable decision will not afford McConville relief.[8] Additionally, the injury McConville complains of—placement in solitary confinement—is not capable of repetition.[9] Because McConville's injury has been healed by his release from BOP custody, the Court must dismiss this action for lack of subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant Nicole English's Motion to Dismiss for Lack of Jurisdiction (Doc. 33) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Nicole English's motion to dismiss for failure to state a claim (Doc. 26) is **DENIED AS MOOT.**

---

[5] *Ritchie v. Deslauriers*, 2017 WL 4758946, at *2 (D. Kan. 2017) (citing *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)).

[6] *Id.* (quoting *Smith*, 110 F.3d at 727).

[7] *Id.* (citing *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016); *Alexander v. Yale Univ.*, 631 F.2d 178, 183 (2d Cir. 1980)).

[8] *See McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) ("[U]nder well-established Supreme Court and Tenth Circuit law, when a favorable decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet evading review, we have no jurisdiction under Article III.").

[9] *See id.* at 1215 (holding that "an inmate's claim for prospective injunctive relief regarding conditions of confinement becomes moot due to the inmate-plaintiff's release from confinement, the inmate's parole or supervised release status does not, absent some exceptional showing, bring that claim under the narrow 'capable of repetition, yet evading review' exception to the mootness doctrine"). While McConville is currently on supervised release, he has made no showing, let alone an exceptional one, that his claims fall under the "capable of repetition, yet evading review" exception.

**IT IS FURTHER ORDERED** that Plaintiff Jonathan McConville's claims against Defendant Nicole English are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2018.

                                        ERIC F. MELGREN
                                        UNITED STATES DISTRICT JUDGE